UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARIN COUNTY LOCAL OF THE CALIFORNIA HOMELESS UNION,** *ET AL.*<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF NOVATO,** *ET AL.*,<br><br>Defendants. | Case No.  21-cv-5401-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO MODIFY TRO; MODIFYING BRIEFING REGARDING ORDER TO SHOW CAUSE; SETTING EVIDENTIARY HEARING; REFERRING TO MAGISTRATE JUDGE ILLMAN FOR SETTLEMENT CONFERENCE**<br><br>Re: Dkt. No. 13 |

By Order dated July 15, 2021, the Court granted plaintiffs' *ex parte* application for a temporary restraining order enjoining defendants from: (a) enforcing Novato Municipal Code Sections 7-11, 7-12, 14-20.5, and 14-20.7 until further of the Court; and (b) closing Camp Compassion at Lee Gerner Park or otherwise removing those encamped therein ("the Order"). (Dkt. No. 8.)  On July 23, 2021, defendants filed a motion to modify the Order.  (Dkt. No. 13.)

Having carefully considered the briefing and arguments submitted on the motion, and for the reasons stated on the record at the July 26, 2021 hearing, the Court **GRANTS IN PART AND DENIES IN PART** the motion.  The Order remains in effect and the Court clarifies and modifies as follows:

1. The Court confirms that defendants may offer voluntary placement at alternative facilities.  The Court understands that the current plan is to offer space at the New Beginning Center or, if the New Beginnings Center has no available beds, Homeward Bound's Kerner shelter in San Rafael.  This offer is intended to be made to persons currently encamped at Lee Garner Park, including offering transportation and storage of personal property.  Defendants are not limited in their options to provide alternatives, but until otherwise ordered, persons may not be removed if the offer is declined.  Plaintiffs shall be prepared to explain any refusal to accept placement.
2. The City may enforce Municipal Code Section 14-20.5 throughout the City, as long as

the same is not enforced selectively against persons currently encamped at Lee Garner Park; and

3. The Court confirms that the Order does not prohibit the City from arresting or detaining and, if appropriate, removing any person within Lee Gerner Park who commits a crime independent of camping, sitting, lying, or sleeping at the Park.

The remaining modifications requested by defendants are hereby **DENIED** as they would alter the status quo. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to 'the last uncontested status which preceded the pending controversy[.]'") (*quoting Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F2d 804, 809 (9th Cir. 1963)).

It is further ordered that the current briefing schedule regarding the Order to Show Cause is **MODIFIED** such that plaintiffs' reply is now due Monday, **August 2, 2021**. In addition, the Court **SETS** an evidentiary hearing beginning **August 9, 2021** at **12:00 p.m.** until **3:30 p.m.** and, if necessary, shall continue on **August 10, 2021** beginning at **9:00 a.m.** until **1:00 p.m.** The Court shall advise the parties whether the evidentiary hearing will be taken off calendar upon its review of the briefing.

It is further ordered that the matter is **REFERRED** to Magistrate Judge Robert Illman for settlement purposes.

This Order terminates Docket Number 13.

**IT IS SO ORDERED.**

Dated: July 27, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

**CC: MAGREF EMAIL**
    **MJ ROBERT ILLMAN**