JEFFREY A. WALTER, State Bar No. 63626
JWalter@chwlaw.us
**COLANTUONO, HIGHSMITH & WHATLEY, PC**
670 W. Napa Street, Suite F
Sonoma, California 95476
Telephone:  (707) 996-9690
Facsimile:  (707) 996-9603

CARMEN A. BROCK, State Bar No. 162592
CBrock@chwlaw.us
LILIANE M. WYCKOFF, State Bar No. 293519
LWyckoff@chwlaw.us
**COLANTUONO, HIGHSMITH & WHATLEY, PC**
790 E. Colorado Boulevard, Suite 850
Pasadena, California 91101-2109
Telephone:  (213) 542-5700
Facsimile:  (213) 542-5710

Attorneys for Defendants
City of Novato, et al.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIN COUNTY HOMELESS UNION, a local affiliate of the CALIFORNIA HOMELESSNESS UNION, on behalf of itself and those it represents; CAMP COMPASSION, a Homeless Union-affiliated encampment in Lee Gerner Park; Individual Plaintiffs JASON SARRIS; LEA DEANGELO; ZACH BOULWARE; CARRIE HEALON, LISA NICOLE JOHNSON; DONALD HOBBS; DEBORAH ANN MIROMONTES; LISA JOHNSON; CHARLES TALBOT; BETHANY ALLEN; MICHELANGELO MONTEZ; DEBORAH ANN MIRAMONTES; KALANI WELSCH, and other similarly situated homeless persons including current residents of Camp Compassion homeless encampment,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NOVATO; CITY MANAGER ADAM MCGILL, MAYOR PAT EKLUND, MAYOR PRO TEM ERIC LUCAN, CHIEF OF POLICE MATHEW MCCAFFREY, PUBLIC WORKS DIRECTOR CHRIS BLUNK,<br><br>Defendants. | **CASE NO.: 4:21-cv-05401-YGR**<br><br>[Assigned to the Hon. Yvonne Gonzalez Rogers]<br><br>**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO CIVIL LOCAL RULE 16-9**<br><br>CMC Date:  February 28, 2022<br>Time:  2:00 pm<br>Ctrm:  1 |

1

*Case No. 4:21-cv-05401-YGR*
**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO CIVIL LOCAL RULE 16-9**

Pursuant to Civil Local Rule 16-9, Plaintiffs MARIN COUNTY HOMELESS UNION, a local affiliate of the CALIFORNIA HOMELESSNESS UNION, on behalf of itself and those it represents; CAMP COMPASSION, a Homeless Union-affiliated encampment in Lee Gerner Park; Individual Plaintiffs JASON SARRIS; LEA DEANGELO; ZACH BOULWARE; CARRIE HEALON, LISA NICOLE JOHNSON; DONALD HOBBS; DEBORAH ANN MIROMONTES; LISA JOHNSON; CHARLES TALBOT; BETHANY ALLEN; MICHELANGELO MONTEZ; DEBORAH ANN MIRAMONTES; KALANI WELSCH (together, "Plaintiffs") and Defendants CITY OF NOVATO; CITY MANAGER ADAM MCGILL, MAYOR PAT EKLUND, MAYOR PRO TEM ERIC LUCAN, CHIEF OF POLICE MATHEW MCCAFFREY, PUBLIC WORKS DIRECTOR CHRIS BLUNK (together, "City") submit this Joint Case Management Statement.

## I. JURISDICTION AND SERVICE

The Complaint alleges jurisdiction under 28 U.S.C. § 1331 and 1343. There are no issues regarding personal jurisdiction or venue. All parties have been served.

## II. FACTS

Lee Gerner Park in the City of Novato runs along the creek to the rear of the Novato Library. Lee Gerner Park is the site of a homeless encampment.

In June 2021, the City Council of the City of Novato adopted Ordinances 1669 and 1670 (the "Ordinances"), both of which amend the Novato Municipal Code with respect to camping on public property. Ordinance 1669 added section 14-20.5 to the Novato Municipal Code to generally prohibit open flames in any public space. It also added section 7-11 to address particular fire risks associated with homeless encampments. At issue here, newly added Novato Municipal Code section 7-11.3(a)(5) prohibits camping in designated wildfire risk areas. Section 7-11.3(a)(1) prohibits camping at or within 50 feet of facilities that have been designated as critical infrastructure by the City Council. The City Council declared by resolution that the following real property and facilities were critical infrastructure:

1. Government buildings, including City Hall, schools, fire stations, police stations, jails, court houses, and libraries.

2. Electric, sewer, wastewater and water utility facilities, including generation stations, transformers and substations.

3. Health facilities, as that term is defined in Health & Safety Code section 1250

4. Train stations and train tracks

5. Water sources and levees

6. Bridges and roads designated by the City as Citywide evacuation routes.

The Ordinance also authorizes the City Council to designate other facilities, buildings and areas to be critical infrastructure and includes as examples of such additional infrastructure electrical wires, natural gas pipes and water sources among others which Plaintiffs maintain could conceivably render the entire city off limits to camping.

Ordinance 1670 introduced additional regulations within the existing Stream Protection Zone making it unlawful to camp in that Zone, among other restrictions.

The principal factual disputes between the parties relate to the existence of "adequate temporary shelter" under *Martin v. City of Boise*, 902 F.3d 1031 (9th Cir. 2018). The City contends that it has ensured adequate temporary shelter by entering into an MOU with Homeward Bound of Marin County, a non-profit organization that operate the New Beginnings Center in the City, and the Kerner shelter in the City of San Rafael. Plaintiffs dispute that the Homeward Bound facilities provide adequate temporary shelter.

Plaintiffs maintain that because the Ordinances make no provision for constitutionally compliant, accessible, alternative indoor accommodations as required under *Martin v. Boise,* the Ordinance violates the Ninth Circuit decision and are facially unconstitutional as designed or having the effect of targeting the unhoused, ambiguous,

vague and overbroad.

Plaintiffs also dispute that the City has provided adequate temporary shelter by way of its MOU with Homeward Bound. As set forth in detail in numerous declarations in its various pleadings, conditions at both Kerner Street and the New Beginnings Center include unsafe and unsanitary facilities and practices, infestations of bedbugs and, more recently, an outbreak of COVID during which persons who tested positive were roomed with others who were not COVID positive. Unacceptable conditions also include abusive staff, dangers posed to and by certain residents by way of Homeward Bound's failure to provide mental health services; compulsory payment of fees and performance of manual labor, including labor performed by elderly residents with disabilities; delays of and refusals to provide reasonable accommodations to those with disabilities, and unreasonable rules restricting first amendment rights including privacy, unjustified and unannounced searches of personal items, violations of freedom of association and the lack of any meaningful opportunity to contest sanctions or appeal disciplinary decisions that adversely impact residents who have been made to sign contracts of adhesion surrendering basic rights.

## III.   LEGAL ISSUES

This case presents primarily legal issues. First, the parties dispute whether the Ordinances are narrowly tailored to only prohibit camping at particular times or in particular locations. The City contends that the Ordinances are reasonable time, place and manner restrictions designed to address legitimate safety concerns. Plaintiffs allege the Ordinances amount to a City-wide ban on camping that violates the Constitution.

Second, the parties dispute the extent of the City's obligation to ensure adequate temporary shelter when enforcing camping restrictions. The City contends it may enforce the Ordinances if it can offer the person against whom the Ordinances would be enforced adequate temporary shelter. Plaintiffs allege *Martin v. City of Boise* requires the City to have sufficient shelter space to accommodate all known homeless persons within a jurisdiction before the Ordinances can be enforced.

Third, the parties dispute whether enforcing the Ordinances and dispersing encampments constitutes a "state created danger" now that COVID-19 vaccines are widely available. The City contends that, now that Marin County has reached a 90% vaccination rate, the CDC's guidance against dispersing encampments is no longer applicable within Marin County. Plaintiffs allege that the City must comply with the CDC guidance until it is officially withdrawn or rescinded. Pursuant to the terms of the stipulated Preliminary Injunction, the parties have agreed that the injunction will remain in effect until the CDC withdraws, rescinds, or otherwise modifies its Interim Guidance on People Experiencing Homelessness to remove the recommendation against clearing encampments, the Parties agree to terms of settlement of this litigation, or the Preliminary Injunction is dissolved or modified by this Court. Dkt. No. 54.

Plaintiffs assert that the current CDC guidelines against breaking up homeless encampments remain in effect and unchanged since first promulgated in March, 2020.

## IV. MOTIONS

**Prior Motions**: Plaintiffs moved for a temporary restraining order and order to show cause re: preliminary injunction on July 15, 2021. Dkt. No. 3. The Court granted the temporary restraining order on July 15, 2021. Dkt. No. 8. The parties stipulated to the terms of a preliminary injunction on October 15, 2021, and the Court signed the stipulated preliminary injunction order on October 18, 2021. Dkt. No. 54.

**Pending Motions**: None.

**Anticipated Motions**: Plaintiffs and the City each anticipate the possibility of filing various pretrial motions including motions for summary judgment to resolve some or all of the legal issues present in this case.

## V. AMENDMENT OF PLEADINGS

**Plaintiffs:** Plaintiffs anticipate that they will seek leave to amend their pleadings to address the failure of the City to make expenditures and to seek funding available from county, state and federal sources to provide durable permanent housing to which Plaintiffs may already be entitled under federal Housing and Urban Development

regulations and other local and state mandates. Plaintiffs also anticipate challenges to other existing ordinances, customs, policies and practices that either by design or effect disproportionately impact and criminalize homeless persons in the City of Novato.

**Defendants:** The City does not anticipate any amendment of the pleadings at this time.

## VI.   EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties have met and conferred pursuant to Fed. R. Civ. Proc. 26(f) and discussed reasonable and proportionate steps to preserve evidence relevant to the issues in this action.

## VII.   DISCLOSURES

The parties have not made any initial disclosures. The parties will exchange their initial disclosures on or before March 14, 2022.

## VIII.   DISCOVERY

**Discovery Taken to Date**: None.

**Scope of Anticipated Discovery**:

**Plaintiffs:** Plaintiffs anticipate that they will serve written discovery and take the depositions of all named Defendants as well as the City's person or persons most knowledgeable in systems, facilities, physical locations and other areas identified by the City as potentially constituting "critical infrastructure" and the depositions of City officials including, but not limited to members of City Council, department heads in the areas of community development, law enforcement, city management and housing.

**Defendants:** The City anticipates it will be required to take the depositions of the 11 named plaintiffs and the persons most knowledgeable from the Marin County Homeless Union regarding the nature of the union, its members, and issues related to the allegations made in Plaintiffs' complaint. Otherwise, discovery is likely to be limited to basic interrogatories, requests for admissions, and requests for production of

documents related to the factual allegations of the complaint, as well as expert discovery, as the issues related to the Ordinances are primarily legal.

**Proposed Limitations or Modifications of the Discovery Rules**: Neither party has proposed any limitations or modifications of the discovery rules.

**Stipulated E-Discovery Order**: The Parties have not discussed a stipulated e-discovery order.

**Proposed Discovery Plan**: The Parties have agreed that discovery will proceed according to the Federal Rules.

**Any Identified Discovery Disputes**: The Parties have not identified any discovery disputes.

## IX. CLASS ACTIONS

**Plaintiffs**: Plaintiffs may seek leave to amend to assert a class action and to seek class certification. The number of persons who are impacted by the challenged City wide camping bans is far greater than the relatively small number of persons in the temporary sanctioned encampment at Lee Gerner Park while, at the same time, the individual named plaintiffs are qualified to serve as representatives of a putative class which share the same characteristics arising from a common core of operative facts. Moreover, insofar as the camping ban would apply to persons from outside the City of Novato, the challenged ordinances constitute a restriction on travel to and within the City of Novato that may impact an even broader class of persons.

**Defendants**: The Complaint does not meet even the very minimal pleading standard under the Rules to maintain a class action, as it does not contain a statement of basic facts to indicate that the requirements of Federal Rules of Civil Procedure, Rule 23 have been satisfied. *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969). Plaintiffs' speculation they may amend their complaint does not allow the Court to issue an appropriate scheduling order based on the current complaint. It is the Defendants' position, therefore, that because this lawsuit is not a class action as pled; therefore, there is no need for class certification procedures.

## X. RELATED CASES

**Plaintiffs:** Although it might be a close call, and there has been no consideration or finding thus far that the two cases are related, Plaintiff Marin County Homeless Union also represents homeless campers in the case of *Sausalito/Marin County Homeless Union v. City of Sausalito*, No. 3:21 cv 01143 EMC. Although two different cities are the principal defendants in the respective cases, the issues are similar and the same Magistrate Judge Robert Illman, has been assigned to address day to day issues as well as attempt informal resolution of the underlying cases, respectively.

**Defendants:** The City is not aware of any related cases, and disputes that the facts and circumstances in the Sausalito case mentioned by Plaintiffs above bears any relation to this matter.

## XI. RELIEF

The Complaint seeks injunctive relief enjoining Defendants from enforcing Novato Municipal Code section 7-11, 7-12, 14-20.5, 15-20.7, and all other sections of the Novato Municipal Code that are found to violate *Martin v. City of Boise*. The Complaint also seeks attorneys' fees for Plaintiffs' counsel.

## XII. SETTLEMENT AND ADR

This case has been assigned to Magistrate Judge Robert Illman for settlement discussions. The parties have met several times with Judge Illman, and successfully negotiated the stipulated preliminary injunction with Judge Illman's assistance. Judge Illman continues to oversee disputes between the parties related to the stipulated preliminary injunction.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The City does not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. Plaintiffs would not necessarily be averse to Judge Illman serving as trial court judge, should Defendants agree. Whether or not Judge Illman's service thus far as the assigned Magistrate Judge is an issue, Judge Illman has become very familiar with the legal and factual issues in the case and by

both sides, regarded as very helpful in interpreting and resolving issues relating to this Court's preliminary injunction order.

## XIV. OTHER REFERENCES

At this time, the Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The City intends to file a motion for summary judgment to resolve the legal issues at the core of this case. This summary judgment motion will either resolve the case in its entirety or significantly narrow the issues at trial.

Plaintiffs may file a motion for summary judgment or summary adjudication if they determine such a motion is appropriate. However, Plaintiffs believe that the constitutionality of the challenged ordinances both on their face and as applied involve material facts in dispute, many of which have been disclosed in the litigation preceding the issuance of the preliminary injunction and in disputes, although generally resolved, that have arisen subsequently.

In conformity with this Court's standing order, if either party seeks to file a motion for summary judgment, that party will file a letter to request a pre-filing conference and state the grounds for the motion within 5 days of the close of all discovery.

If any issues remain for trial following resolution of the summary judgment motions, the Parties will meet and confer and agree on stipulated facts to expedite the presentation of evidence at trial.

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties do not believe that expedited trial procedures are appropriate for this case.

## XVII. SCHEDULING

**Plaintiffs**: Plaintiffs are in agreement with Defendant's proposed schedule. However, as Counsel for Defendants is aware, Plaintiffs' counsel's wife is recovering

from a serious injury that required neurosurgery and will require a prolonged recovery period during which Counsel will need to provide constant care. Thus, the Court should be aware that circumstances may require modification of the schedule or parts thereof going forward.

**Defendants**: The City proposes the following dates:

- Non-Expert Discovery Cutoff: August 24, 2022
- Initial Expert Disclosure: September 7, 2022
- Rebuttal Expert Disclosure: October 7, 2022
- Expert Discovery Cutoff: October 21, 2022
- Hearing of dispositive motions:  No later than December 21, 2022
- Pretrial Conference and Trial: The City proposes a trial date in March 2023 and will be prepared to suggest a pre-trial conference date based on the trial date set and the Court's calendar.

## XVIII. TRIAL

**Plaintiffs:** Plaintiffs demand a jury trial and anticipate that number of actual trial days would be between five and seven days. Plaintiffs believe there will have to be some discovery conducted until they can determine what facts may be stipulated.

**Defendants:** The City believes a court trial is most appropriate given the primarily legal nature of the issues presented. The City anticipates trial will last no longer than 3 days if Plaintiff will agree to use stipulated facts.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiffs:** Plaintiffs request that they be allowed to reserve their response pending further investigation and determination of who and what entities may have an interest in the case.

**Defendants**: None

## XX. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct

for the Northern District of California.

## XXI. OTHER MATTERS

**Plaintiffs:** See XVIII above re medical issue impacting Plaintiffs' counsel.

**Defendants:** None

DATED: February 18, 2022

**LAW OFFICE OF ANTHONY D. PRINCE**

/s/ Anthony D. Prince

_____

ANTHONY PRINCE
General Counsel,
California Homeless Union
Attorney for Plaintiffs

DATED: February 18, 2022

**COLANTUONO, HIGHSMITH & WHATLEY, PC**

/s/ Carmen A. Brock

_____

JEFFREY A. WALTER
CARMEN A. BROCK
LILIANE M. WYCKOFF
Attorney for Defendants
City of Novato, City Manager Adam McGill, Mayor Pat Eklund, Mayor Pro Tem Eric Lucan, Chief of Police Mathew McCaffrey, Public Works Director Chris Blunk

274249.5

**CERTIFICATE OF SERVICE**
*Marin County Homeless Union v. City of Novato, et al.*
United States District Court, Northern District
Case No. 4:21-cv-05401-YGR

I, McCall L. Williams, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 790 East Colorado Boulevard, Suite 850, Pasadena, California 91101. My email address is: MWilliams@chwlaw.us. On February 18, 2022, I served the document(s) described as **JOINT CASE MANAGEMENT STATEMENT PURSUANT TO CIVIL LOCAL RULE 16-9** on the interested parties in this action as follows:

☒ **BY ELECTRONIC TRANSMISSION**: I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Northern District by using the CM/ECF system on February 18, 2022. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC, Northern District CM/ECF system.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 18, 2022, at Pasadena, California.

*/s/McCall Williams*
McCall L. Williams