UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARIN COUNTY HOMELESS UNION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF NOVATO, et al., <br><br> Defendants. | Case No.  21-cv-05401-YGR   (RMI) <br><br> **ORDER FOR BRIEFING RE: JURISDICTION** <br><br> Re: Dkt. Nos. 83, 87 |

Now pending before the court is Plaintiffs' Motion (dkt. 87) seeking enforcement of the Settlement Agreement (dkt. 76 at 3-31). Plaintiffs first moved for an order enforcing the Settlement Agreement on October 25, 2024, by way of a "Notice" (*see* dkt. 83). Later, on November 4, 2024, Plaintiffs filed the matter as a Motion (dkt. 87) which they noticed for a hearing on December 3, 2024, at 11:00 am, Defendants then filed a Response in Opposition (dkt. 88), and Plaintiffs have filed a Reply (dkt. 89).

By way of background, the court will note that the Settlement Agreement ("SA") itself provides that it was fully executed on September 15, 2022. *See* SA (dkt. 76) at 2. The SA also provided that the Parties agreed to prepare a stipulated dismissal order expressly requesting that the court agree to retain jurisdiction for enforcement purposes. *Id*. at ¶ 3.1. As to the termination of the SA, the Parties agreed that the "Agreement shall terminate two years after the effective date of the Agreement unless the Parties elect to enter into a separate fully executed written agreement at least ten (10) days before the expiration of this Agreement." *Id*. ¶ 3.2. The Parties' Stipulation and Joint Motion for Order for Dismissal with Retained Jurisdiction (dkt. 78) was filed October 13, 2022 – through which they noted that they had consented to magistrate judge jurisdiction to

enforce the terms of the SA, and through which they requested that the presiding judge specially designate the undersigned to conduct all further proceedings in this case. *Id*. at 2-3. Pursuant to the Parties' Stipulation, the presiding judge accepted and filed the Parties' proposed order which, *inter alia*, specially designated the undersigned to conduct all further proceedings in this action pursuant to 28 U.S.C. § 636(c). *See* Order (dkt. 79) at 2.

Through the now-pending enforcement motion, in addition to requesting an evidentiary hearing, Plaintiffs "urge[] the Court to grant [their] motion [for] enforcement and require the City to comply with Sections 2.3.1 and 2.3.2 [of the SA] and all other conditions precedent to a decision on Camp Compassion set forth in the Settlement Agreement." *See* Pls.' Mot. (dkt. 87) at 4.[1] Defendants respond, *inter alia*, to the effect that:

> Sections 2.3.1 and 2.3.2 are clear and unambiguous. Section 2.3.1 became operative only if the City Council made findings it could no longer fund the Temporary Camp within the Two-Year Obligation. That never occurred. The intent of Section 2.3.2 was for the City Council to (1) evaluate the continued need for the Temporary Camp in the Park as its expiration date neared, since the Temporary Camp was created as the result of the Centers for Disease Control and Prevention ("CDC") guidelines during the COVID-19 pandemic, and (2) determine if the City had funds to continue to operate the Temporary Camp. The intent of the Agreement was not to permanently sanction an encampment in the City's Park, or to allow the Union to block the City's ability to manage its property and finances for its residents. The Agreement is unambiguous—the Agreement's requirements ended on October 13, 2024, save for the one City Council hearing that would have occurred but for the delays caused by the Union's interference with that process and this Motion.

Defs.' Opp. (dkt. 88) at 11-12. Defendants add that, pursuant to Section 3.2, the SA terminated on

---

[1] Section 2.3.1 provides: "If at any time during the said two-year period the City Council makes a finding based on sufficient evidence that it no longer has, or is reasonably able to obtain, funds to continue operating the Temporary Camp and/or to keep the Temporary Camp in place, it shall notify the Union Designee and furnish the Union Designee with the specifics of the City Council's findings. Additionally, the City will deliver the Union Designee at least sixty-days' advance notice of the date the Temporary Camp will be closed and the date the residents will be required to vacate the Temporary Camp."

Section 2.3.2 provides: "Three months before the expiration of the said two-year period, the City and the Union Designee, with the assistance of the Committee, shall undertake a review of the state of housing and homelessness in the City of Novato and provide the City Council its findings. The City Council shall determine whether there is need and sufficient funds to continue the operation of the Temporary Camp. The continued operation of the Temporary Camp beyond the two-year period specified in this Agreement shall be at the sole discretion of the City Council."

2

October 13, 2024, and that "[t]he Agreement ended by its own terms, rendering the City's obligation to allow the Temporary Camp in the Park void — but for this Court's October 29, 2024, minute order requiring the '[c]amp to remain open pending the court's ruling on the motion to enforce.'" *Id*. at 12 (quoting from a Minute Order (dkt. 86)).

Given the fact that the SA expired on October 13, 2024, it appears that the court no longer has jurisdiction to entertain an enforcement motion. Accordingly, Plaintiffs are **ORDERED** to brief the following question: whether the court has jurisdiction to entertain and adjudicate any enforcement motions filed after the October 13, 2024, expiration of the Settlement Agreement. Plaintiffs' brief shall be filed on or before Tuesday, December 17, 2024, and Defendants' Response shall be filed on or before Tuesday, January 7, 2024. No replies or sur-replies shall be filed unless the court directs otherwise. It is **FURTHER ORDERED** that the hearing set for December 3, 2024, at 11:00 AM, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: November 27, 2024

_____
ROBERT M. ILLMAN
United States Magistrate Judge

3