UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARIN COUNTY HOMELESS UNION, *et al.*,<br><br>     Plaintiffs,<br><br>     v.<br><br>CITY OF NOVATO, *et al.*,<br><br>     Defendants. | Case No. 21-cv-05401-YGR (RMI)<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 91 |

Now pending before the court is an application for a temporary restraining order (dkt. 91) filed by Plaintiffs. The court heard from the Parties at oral argument on December 9, 2024; and, for the reasons stated below, Plaintiffs' application is **DENIED**.

By way of background, the court will make a brief recitation of certain pertinent facts. On October 13, 2022, Judge Gonzalez Rogers entered an Order of Dismissal with Retained Jurisdiction, agreeing to retain jurisdiction to the enforce the terms of the Settlement Agreement (dkt. 78 at 5-33) which disposed of this case. *See* Order (dkt. 79) at 2. Through that same order, Judge Gonzalez Rogers, with the consent of the Parties, specially designated the undersigned to conduct all further proceedings in this action pursuant to 28 U.S.C. § 636(c). *See id*. More than two years later, on November 4, 2024, Plaintiffs filed an enforcement motion (dkt. 87). On November 27, 2024, the court entered an order directing the Parties to brief the question of the court's jurisdiction to entertain and adjudicate the enforcement motion, given the fact that it appears that the Settlement Agreement, and the court's jurisdiction to enforce it, expired on October 13, 2024. *See* Order (dkt. 90) at 1-3. Furthermore, on October 29, 2024, the court ordered that the encampment at the heart of this case shall remain open pending the court's ruling on

1  Plaintiffs' currently-pending enforcement motion. *See id.* at 3 (quoting from Minute Order (dkt.
2  86). Accordingly, the court's order of October 29, 2024, which is currently in effect, already
3  operates to preserve the *status quo* as to the encampment at the heart of this case pending the
4  resolution of Plaintiffs' currently-pending enforcement motion.

5        Defendants, namely, the City of Novato, through its City Council (hereafter, Defendants
6  shall be collectively referred to as, "the City"), has reportedly convened a special meeting
7  (scheduled for 2:00 pm today, December 9, 2024) to consider and vote to repeal Section 14-0.8 of
8  its municipal code which currently permits nighttime camping under certain circumstances. *See*
9  Pls.' Mot. (dkt. 91) at 1. Plaintiffs now ask the court to "enjoin the City from enacting and/or
10 enforcing the prohibition on nighttime camping until the issue of jurisdiction and Plaintiffs'
11 motion for enforcement of the Settlement Agreement have been adjudicated. *Id.* at 6. Plaintiffs
12 contend that the City's legislative proceedings threaten irreparable harm in that, "[p]assage and
13 enforcement of what will be an immediately enforceable, City-wide twenty-four-hour ban on
14 camping will place the now protected homeless residents in Lee Gerner Park into the category of
15 illegal campers." *Id.* at 1. At oral argument on Plaintiffs' Application (dkt. 91), the City
16 acknowledged that the court's order of October 29, 2024, preserving the *status quo* as to the
17 encampment at the heart of this case is still in effect, and the City confirmed that it will take no
18 action as to that encampment in derogation of the court's order. Nevertheless, Plaintiffs persist in
19 their request for an order restraining the City – which, as the court characterized during the
20 hearing, would basically amount to a second order by the court directing the City to obey the
21 court's first order. In response, Plaintiffs have suggested that this second order is necessary
22 because the City's legislative meeting – set for today – has caused anxiety amongst the residents
23 of the encampment at the heart of this case.

24       Federal Rule of Civil Procedure 65 authorizes a trial judge to grant a temporary restraining
25 order under circumstances that would necessitate the preservation of "the *status quo* and the rights
26 of the parties until a final judgment issues in the cause." *See, e.g.*, *Ramos v. Wolf*, 975 F.3d 872,
27 887 (9th Cir. 2020) (quoting *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir.
28 2010)). "A preliminary injunction [or temporary restraining order] . . . is not a preliminary

1    adjudication on the merits[,] but rather a device for preserving the *status quo* and preventing the

2    irreparable loss of rights before judgment." *Id*. (alteration in original) (quoting *Sierra On-Line,*

3    *Inc. v. Phx. Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). The *status quo* in this context

4    "refers not simply to any situation before the filing of a lawsuit, but instead to 'the last

5    uncontested status which preceded the pending controversy[.]'" *See GoTo.com, Inc. v. Walt*

6    *Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*,

7    316 F.2d 804, 809 (9th Cir. 1963)). "The standard for issuing a temporary restraining order is

8    identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v.*

9    *Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A party seeking a preliminary

10   injunction must meet one of two variants of the same standard." *Ramos*, 975 F.3d at 887 (quoting

11   All. for Wild Rockies v. Pena, 865 F.3d 1211, 1217 (9th Cir. 2017)).

12         Under the original standard, plaintiffs seeking a preliminary injunction must establish that:

13   (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the

14   absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is

15   in the public interest. *Id*. (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). As

16   to the alternate standard – "[t]he Ninth Circuit employs an alternative 'serious questions' standard,

17   also known as the 'sliding scale' variant of the *Winter* standard." *Id*. (citing *Alliance for Wild*

18   *Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011)). Under that approach, the court weighs

19   the preliminary injunction factors on a sliding scale; and, where there are serious questions going

20   to the merits – that is, even when there is less than a likelihood of success on the merits – a

21   preliminary injunction may still issue so long as the balance of hardships tips sharply in the

22   plaintiff's favor and the other two factors are satisfied. *See Ramos*, 975 F.3d at 887-88 (internal

23   quotation marks omitted) (quoting *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018)). Put another

24   way, a preliminary injunction can be granted when a moving party demonstrates <u>*either*</u>: a

25   combination of probable success on the merits <u>*and*</u> the possibility of irreparable injury; <u>*or*</u> the

26   existence of serious questions going to the merits <u>*and*</u> that the balance of hardships tips sharply in

27   its favor. *See Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007) (quoting

28   *Sardi's Rest. Corp. v. Sardie*, 755 F.2d 719, 723 (9th Cir. 1985)).

United States District Court
Northern District of California

1    As stated above, the court's order of October 29, 2024, is currently in effect to preserve the *status quo*. Moreover, the City has acknowledged the scope and effect of that order and has repeatedly committed that it will take no action that affects the rights of the persons in the encampment at the heart of this case in derogation of the court's order of October 29, 2024. At oral argument, Plaintiffs made clear that they do not dispute either of these facts. Instead, Plaintiffs simply stated that they do not trust the City to abide by its commitment; or, put another way, Plaintiffs stated that they do not trust the City to obey the court's order of October 29, 2024. Plaintiffs' argument essentially boils down to the assertion that, notwithstanding the court's order of October 29, 2024, residents of the encampment at the heart of this case worry that the City may ignore the court's previous order, and Plaintiffs assert that this anxiety can only be assuaged by the issuance of a second order which directs the City to take the court's first order seriously.

    In light of the legal standards outlined above, the court finds this argument to be without merit. Plaintiffs' application for a temporary restraining order is rendered superfluous by the following facts: that there is already an order in place that preserves the *status quo* pending the resolution of Plaintiffs' enforcement motion; that the City has repeatedly committed to obeying the court's order preserving the *status quo*; and, the fact that there is no indication of any likelihood that the City will take any action that might constitute a violation of the court's previous order. Accordingly, because the court finds that Plaintiffs' have failed to show either any possibility of irreparable injury, or the existence of any serious question going to the merits, Plaintiff's application for a temporary restraining order (dkt. 91) is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 9, 2024

ROBERT M. ILLMAN
United States Magistrate Judge