UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARIN COUNTY HOMELESS UNION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NOVATO, *et al.*,<br><br>Defendants. | Case No. 21-cv-05401-YGR (RMI)<br><br>**ORDER RE: MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 87 |

Now pending before the court is Plaintiffs' Motion to Enforce the Settlement Agreement (dkt. 87). Defendants have responded (dkt. 88) and Plaintiffs have filed a reply (dkt. 89). Because the briefing manifested a jurisdictional question which required further development, the court ordered further briefing (dkt. 90) which has now been filed (*see* dkts. 95, 96). Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds the matter suitable for disposition without oral argument. For the reasons stated below, Plaintiffs' motion is denied.

## **BACKGROUND**

On October 25, 2024, Plaintiffs docketed a "Notice" (*see* dkt. 83) that was entitled, "Motion for Enforcement of Settlement Agreement and Evidentiary Hearing." Shortly thereafter, following an objection (dkt. 84) from Defendants as to the form of Plaintiffs' filing, Plaintiffs re-filed their motion on November 4, 2024. *See* Pls.' Mot. (dkt. 87) at 1-4. Through that motion, Plaintiffs seek a court order enforcing certain provisions of the settlement agreement that resolved this case – namely, Plaintiffs "urge[] the Court to grant [their] motion [for] enforcement and require the City to comply with Sections 2.3.1 and 2.3.2 [of the settlement agreement] and all other conditions precedent to a decision on Camp Compassion set forth in the Settlement

1  Agreement." *See id*. at 4. The court has previously set forth the pertinent provisions of the

2  settlement agreement for which Plaintiffs now seek an enforcement order, and there is no need to

3  rehash that information here. *See* Order of November 27, 2024 (dkt. 90) at 2, n.1.

4      The settlement agreement ("SA") itself provides that it was fully executed on September

5  15, 2022. *See* SA (dkt. 76) at 2. It also states that the Parties agreed to prepare a stipulated

6  dismissal order expressly requesting that the court agree to retain jurisdiction for enforcement

7  purposes. *Id*. at ¶ 3.1. In light of that agreement, on October 13, 2022, Judge Gonzalez Rogers

8  entered an Order of Dismissal with Retained Jurisdiction, agreeing to retain jurisdiction to enforce

9  the terms of the agreement (dkt. 78 at 5-33) which disposed of this case. *See* Order of October 13,

10  2022 (dkt. 79) at 2. On that same date, Judge Gonzalez Rogers, with the consent of the Parties,

11  specially designated the undersigned to conduct all further proceedings in this action pursuant to

12  28 U.S.C. § 636(c). *See id*.

13      Regarding the duration and termination of the settlement agreement, it was agreed that the

14  agreement "shall terminate two years after the effective date of the Agreement unless the Parties

15  elect to enter into a separate fully executed written agreement at least ten (10) days before the

16  expiration of this Agreement." SA (dkt. 76) at ¶ 3.2. As mentioned above, the Parties' Stipulation

17  and Joint Motion for Order for Dismissal with Retained Jurisdiction (dkt. 78) was filed October

18  13, 2022. Thus, pursuant to the that stipulation, the presiding judge accepted and filed the Parties'

19  proposed order which, *inter alia*, fixed the effective date of the settlement agreement as October

20  13, 2022. *See* Order (dkt. 79) at 2. In light of the agreement's effectuation on October 13, 2022,

21  and the agreement's two-year duration (*see* SA (dkt. 76) at ¶ 3.2), the agreement's term expired on

22  October 13, 2024.

23      Plaintiffs' argument in support of their enforcement motion rests on the suggestion that the

24  court's ancillary jurisdiction to enforce the agreement did not end on October 13, 2024. *See* Pls.'

25  Br. (dkt. 95) at 2-5. In essence, Plaintiffs submit that certain correspondence between counsel for

26  the Parties on October 22, 2024 reflected a statement to the effect that, as to certain "documents

27  that had been requested by plaintiffs," Defendants' counsel stated that the production of those

28  documents would be "consider[ed] when reviewing the status of the Temporary Camp sometime

2

1  after 11/24-the extension of the Agreement." *Id*. at 3. Thus, according to Plaintiffs, this statement
2  – appearing in an email between counsel for the Parties on October 22, 2024 – was sufficient to
3  retroactively extend the court's ancillary jurisdiction regarding the enforcement of the terms of
4  this agreement from October 13, 2024 (its expiration date) to November 24, 2024 (the date
5  mentioned in the email correspondence of October 22, 2024). Further, and still relying on the
6  email correspondence, Plaintiffs submit that Defendants should be estopped from challenging
7  jurisdiction because "[i]n both word and deed, the City continues to perform the Settlement
8  Agreement suggesting that an implied-in-fact or implied-in-law contract has been created that the
9  Court has ancillary jurisdiction to enforce." *Id*. at 5. Plaintiffs do not offer any argument or
10 authority in support of this assertion. *See id*.

11 For their part, Defendants respond to the effect that the settlement agreement, itself, was
12 never made into an order of the court; that, by its express terms, the settlement agreement required
13 any extensions thereto to be in writing, executed by the Parties, and approved by the court; that the
14 agreement does not have any time and manner restriction, and that it expired by its own terms on
15 October 13, 2024; and, that Plaintiffs' have failed to explain or support their assertion regarding
16 any implied-in-fact or implied-in-law contract, and that they have therefore forfeited those
17 arguments "which lack legal merit anyway." *See* Defs.' Br. (dkt. 96) at 2-3.

## DISCUSSION

19 The analysis here must begin with the oft-repeated observation that "[f]ederal courts are
20 courts of limited jurisdiction [and] possess only that power authorized by Constitution and
21 statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It should also be
22 noted that the Supreme Court has held that "federal courts do not have inherent or ancillary
23 jurisdiction to enforce a settlement agreement simply because the subject matter of that settlement
24 was a federal lawsuit." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citing *Kokkonen*,
25 511 U.S. 375 (1994)). To preserve jurisdiction in this context, the dismissal order must "expressly
26 reserve jurisdiction or incorporate the terms of the settlement agreement." *Ortolf v. Silver Bar*
27 *Mines*, 111 F.3d 85, 87 (9th Cir. 1997) (no jurisdiction where the dismissal order included
28 reservation of a right for plaintiff to reinstitute the lawsuit if the settlement agreement was not

1  performed); *Prince v. Stewart*, 834 F. App'x 402 (9th Cir. 2021) (finding district court properly
2  denied motion to enforce the settlement agreement because the court had previously dismissed the
3  action with prejudice and did not expressly retain jurisdiction or incorporate the terms of the
4  settlement agreement in its dismissal order). The reservation, which must be explicit and cannot be
5  implied, is generally interpreted narrowly. *See Porter v. Spencer*, No. 1:07-CV-0825 AWI SMS,
6  2018 U.S. Dist. LEXIS 136600, 2018 WL 6198468, at *2 (E.D. Cal. Aug. 13, 2018). Thus, courts
7  may retain ancillary jurisdiction to enforce a settlement agreement "'if the parties' obligation to
8  comply with the terms of the settlement agreement ha[s] been made part of the order of
9  dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the
10 settlement agreement) or by incorporating the terms of the settlement agreement in the order.'"
11 *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (quoting *Kokkonen*, 511 U.S.
12 at 381).

13    In this case, the agreement provides that no party thereto shall make any claim that the
14 agreement has been orally modified or changed by oral communication of any kind or character.
15 SA (dkt. 76) at ¶ 3.7. The agreement also provides that *any* alteration, amendment, or modification
16 thereto must be made "by a writing duly executed by all Parties *and* approved by the Court." *Id*. at
17 ¶ 3.3 (emphasis added). The terms of the settlement agreement were incorporated by reference
18 into the Order of Dismissal with Retained Jurisdiction. *See* Order of October 13, 2024 (dkt. 79) at
19 2. Therefore, a single statement in email correspondence between the parties – appearing in an
20 email between counsel for the Parties on October 22, 2024 – was insufficient to retroactively
21 extend the court's ancillary jurisdiction regarding the enforcement of the terms of this agreement
22 from October 13, 2024 (its expiration date) to November 24, 2024, because the agreement could
23 not be so modified except "by a writing duly executed by all Parties and approved by the Court"
24 as set forth in ¶ 3.3. The issue here is that: (1) the email correspondence in question took place
25 *after* the expiration of the settlement agreement (and with it, the court's jurisdiction over the
26 matter) on October 13, 2024; and, (2) in any event, the email correspondence in question did not
27 satisfy the requirement that the settlement agreement's terms could only be modified by a writing
28 that would be executed by the Parties *and approved by the court*. Accordingly, the email on which

Plaintiffs rely had no effect vis-à-vis extending the court's jurisdiction over this matter beyond the expiration date of October 13, 2024. To the extent that Plaintiffs suggest (*see* Pls.' Br. (dkt. 95) at 5) that the email in question was a memorialization of the fact that "the parties agreed in a phone conference with the Court to extend Agreement for 60 days," this suggestion too is unavailing. As mentioned, the agreement provides that no party shall make any claim that the agreement has been orally modified or changed by oral communication of any kind or character – which, naturally, includes oral conversations during phone conferences. SA (dkt. 76) at ¶ 3.7. This, combined with the fact that *any* modification to the agreement's terms must be in a duly executed writing *and* approved by the court also cuts against this argument. Therefore, given the fact that the term of the settlement agreement – and the court's jurisdiction – expired on October 13, 2024, and given the fact that Plaintiffs' enforcement motion (*see* dkts. 83, 87) was filed after that date, the court lacks jurisdiction to entertain Plaintiffs' motion. *See, e.g.*, *Ashker v. Newsom*, 81 F.4th 863, 894 (9th Cir. 2023); *see also Duenas v. Amaro*, 2023 U.S. Dist. LEXIS 125053, *4-5 (C.D. Cal. Jan. 9, 2023) (explaining that once the period under which the court retained jurisdiction for enforcement purposes expired, "the Court's jurisdiction ceased."). Plaintiffs' motion, therefore, cannot be adjudicated in the context of this case; instead, if Plaintiffs wish to pursue their enforcement motion, they must do so, if at all, in the context of a separately-filed lawsuit for breach of contract in state court. *See O'Connor*, 70 F.3d at 532 ("A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction."). Accordingly, Plaintiffs' Motion (dkts. 83, 87) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 15, 2025

ROBERT M. ILLMAN
United States Magistrate Judge